UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROWNELL LAND CO., L.L.C.                CIVIL ACTION

VERSUS                                   NO: 05-225

OXY USA INC., ET AL.                     SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court are defendant OXY USA Inc.'s Motion for Judgment on the Pleadings (Doc. 37), and Motion for Summary Judgment on Issue of Punitive Damages (Doc. 39). The Motion for Judgment on the Pleadings is unopposed. The Motion for Summary Judgment is opposed. For the following reasons the Court finds that the motions should be GRANTED.

**BACKGROUND**

Plaintiff Brownell Land Company owns property in Assumption Parish that it leased to oil and gas exploration companies during the second half of the twentieth century. Brownell alleges that OXY USA, Inc. operated or controlled six wells on the property subject to a mineral rights lease, and that it polluted the property and failed to restore it to its former condition. Brownell seeks punitive, or exemplary, damages for "the

defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation, of hazardous or toxic substances." Former La. Civ. Code art. 2315.3.

## DISCUSSION

Former Louisiana Civil Code art. 2315.3 provided as follows:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

Article 2315.3 went into effect on September 4, 1984 and was repealed effective April 16, 1996. Article 2315.3 should not be applied retroactively to conduct occurring before its effective date. *Anderson v. Avondale Indus.*, 798 So. 2d 93, 102 (La. 2001). In addition, because the statute is punitive in nature, it is given a strict construction. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 556 (La. 2002).

OXY supports its motion with evidence that all six of the wells at issue in this litigation were plugged and abandoned before September 4, 1984. The last well, Serial No. 970372, was plugged and abandoned on April 4, 1984. OXY therefore urges that article 2315.3 cannot apply.

Brownell opposes by arguing that under the 1971 mineral lease at issue in the case OXY had the right and the duty to enter the leased premises for six months after operations ceased

in order to restore the property. Brownell contends that for this period OXY still retained control of the hazardous substances on the land. Brownell quotes the Louisiana Supreme Court case *Ross v. Conoco* for the proposition that "possession ***or*** control" satisfies the handling requirement of article 2315.3. (Brownell's emphasis).

It may be worth noting as a practical matter that Brownell is arguing about punitive damages for alleged control maintained on the <u>last day</u> of the six month period, September 4th, 1984, which is the <u>first day</u> that article 2315.3 went into effect. So Brownell is asking for trial over one day where its argument might apply.

Brownell's quote from *Ross* is significantly incomplete. The sentence continues: "a defendant must be in the 'possession or control' of a substance, ***and then*** handle, or otherwise deal with that substance, to be held liable for punitive damages." *Ross*, 828 So. 2d at 556 *quoting In re New Orleans Train Car Leakage Fire Litigation*, 671 So. 2d 540, 546 (La. App. 4th Cir. 1996)(emphasis added). The sentence, as a whole, undermines Brownell's contention. It seems that possession or control may not be enough.

In this case, Brownell does not even really allege that OXY had possession or control of the substances, only the right to

exercise control. A federal district court has concluded that gas still in a well has not been reduced to possession and is not under the control of the well operator for purposes of article 2315.3, even when the well is under production. *See Wiltz v. Mobil Oil Exploration & Prod. N. Am.*, 702 F. Supp. 607 (W.D. La. 1989). The Court finds that the reasoning of *Wiltz* applies even more forcefully in this case. OXY's "conduct" on September 4, 1984 in the form of a contractual obligation regarding abandoned wells cannot subject it to punitive damages as a matter of law.

OXY's motion for judgment on the pleadings seeks dismissal of the allegations of fraud and claims for mental/emotional damages by the entity plaintiff. Plaintiff does not oppose the motion, and the Court finds that it has merit.

Accordingly,

**IT IS ORDERED** that OXY USA Inc.'s Motion for Judgment on the Pleadings (Doc. 37) is **GRANTED**;

**IT IS FURTHER ORDERED** that Motion for Summary Judgment on Issue of Punitive Damages (Doc. 39) is **GRANTED**;

**IT IS FURTHER ORDERED** that oral argument is **CANCELLED**.

New Orleans, Louisiana this the 8th day of June, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE