UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROWNELL LAND CO., L.L.C.                CIVIL ACTION

VERSUS                                   NO: 05-225

OXY USA INC., ET AL.                     SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Reconsider this Court's previous order granting partial summary judgment on the issue of punitive damages. (Rec. Doc. 82).  For the reasons below, Plaintiff's motion is **DENIED**.

**BACKGROUND**

Plaintiff Brownell Land Company owns property in Assumption Parish that it leased to oil and gas exploration companies during the second half of the twentieth century.  Brownell alleges that OXY USA operated or controlled six wells on the property subject to a mineral lease, and that it polluted the property and failed to restore it to its former condition.  Brownell has alleged actions in contract and in tort, and seeks punitive damages under former LA. CIV. CODE ANN. art. 2315.3. This Court issued an order on June 8, 2007 granting Defendant's Motion for Partial Summary

Judgment on the Issue of Punitive Damages. (Rec. Doc. 45) Plaintiff now asks the Court to reconsider its ruling.

## DISCUSSION

Legal Standard:

A district court has considerable discretion to grant or to deny a motion for reconsideration. See *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must " 'clearly establish either a manifest error of law or fact or must present newly discovered evidence." ' *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)(*quoting Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Applicable Law and Facts:

As noted above, this court issued an order on June 8, 2007

2

granting Defendant's Motion for Summary Judgment on the Issue of Punitive Damages. Plaintiff alleged that under former LA. CIV. CODE ANN. art. 2315.3, it was entitled to exemplary damages. The article provided as follows:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

The article went into effect on September 4, 1984 and was repealed effective April 16, 1998. Defendant countered that it did not have control of the substance as was required by the article, and that all six of the wells in question were plugged and abandoned on April 4, 1984.

This Court held that the plaintiff's main contention is that Oxy had the right to exercise control over the hazardous materials for six months after the well had been plugged. Because gas still in a well is not reduced to possession or under the control of the well operator even when the well is under production, Oxy could not have had the requisite control for the article to apply. *See* (Rec. Doc. 45)(*citing Wiltz v. Mobil Oil Exploration & Prod. N. Am.*, 702 F. Supp. 607 (W.D. La. 1989)).

The main thrust of plaintiff's motion to reconsider is that at the time that the motion for summary judgment was filed, the plaintiff did not know certain information. The plaintiff alleges that the new information mandates that the Court revise its earlier ruling under the authority of FED. R. CIV. P. 54(b).

Plaintiff avers that at the time of the motion for summary judgment, plaintiff assumed that the lease between it and Oxy "expired before article 2315.3 became effective." However, for whatever reason, plaintiff now has learned that its lease with Oxy did not expire until 1990. Plaintiff seems to contend that the existence of the lease requires a finding that Oxy was in control of the dangerous materials as required for the article to be effective. *See* LA. CIV. CODE ANN. art. 2315.3 (repealed). However, in *Ross v. Conoco, Inc.*, 828 So. 2d 546, 556 (La. 2002) the Louisiana Supreme Court held that a "plaintiff must show that the defendant had actual possession or control of the hazardous or toxic substance that caused injury, *and then* handled or otherwise dealt with that substance at some time prior to the injury-causing event."(emphasis added). Therefore the mere fact that the lease lasted for a longer time that originally thought should not change the outcome. The Court must consider whether the defendant had possession or control of a hazardous substance after 1984 *and* whether the defendant handled or otherwise dealt

4

with that substance at some time prior to the injury.

Plaintiff suggests that this Court's ruling, by requiring that the defendant both have control and then do something with the material is contrary to the spirit of Louisiana law and "rewards defendants who elect to do nothing in the face of danger." Plaintiff's quibble, however, is not with this Court, but rather the Louisiana Supreme Court. It is that Court that held for the article to apply the defendant must both possess the dangerous substance and then do some act with it.

Even if Plaintiff is correct that Oxy possessed or controlled dangerous materials, there is no allegation that Oxy did anything with that substance. *See Gajour v. Gen. Am. Tank Car Co.*, 769 F. Supp. 953, 958 (E.D. La. 1991)(Mentz, J.). In *Gajour*, the court held that even if the dangerous materials were within the possession of the defendant, there was no allegation that the defendant ever did anything with them. Therefore the article did not apply. The same is true in this case. Even assuming that the defendant had possession or control of dangerous materials during the requisite time, plaintiff has not made a showing or even an allegation that defendant handled or otherwise dealt with the materials, other than to say that to do so goes against the purpose of the law. This Court cannot entertain such an argument in the face of a decision by the

Louisiana Supreme Court that is directly on point. *See Am. Int'l Sepcialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)("To determine state law, federal courts sitting in diversity look to the final decisions of the state's highest court.").

## CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider (Rec. Doc. 82) is **DENIED**.

New Orleans, Louisiana this the 2nd day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE