UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROWNELL LAND CO., L.L.C.                CIVIL ACTION

VERSUS                                   NO: 05-225

OXY USA INC., ET AL.                     SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment on the issue of Prescription (Rec. Doc. 65). This Court already denied the motion in an order issued on October 5, 2007 (Rec. Doc. 117). This document reaffirms the Court's previous ruling and sets forth its reasons below.

**BACKGROUND**

Plaintiff Brownell Land Company owns property in Assumption Parish that it leased to oil and gas exploration companies during the second half of the twentieth century. Brownell alleges that OXY USA operated or controlled six wells on the property subject to a mineral lease, and that it polluted the property and failed to restore it to its former condition.

Brownell has alleged actions in contract and in tort. Oxy argues that these actions have prescribed under the Louisiana

Civil Code.  Plaintiff's predecessor in interest originally leased the land in question to defendants in 1952, which lease was terminated in 1971.  Plaintiff leased the land again to the defendant in 1971, which lease was terminated at the latest in 1990.  This suit was instituted on October 26, 2004.

## DISCUSSION

In general, delictual actions are subject to a liberative prescription period of one year in Louisiana.  LA. CIV. CODE. ANN. art. 3492.  However, an action for damages predicated on the breach of a contract prescribe after 10 years.  *See* LA. CIV. CODE ANN. art. 3499; *Am. Heating & Plumbing Co. v. W. End Country Club*, 131 So. 466, 491 (La. 1930)("The character of the action determines the prescription applicable thereto. . . .  If the action is predicated on a breach of the contract, then it is only prescribed by ten years.").

Plaintiff does not dispute that the lease expired in 1990, but contends (1) that the defendant bears the burden of proving prescription and (2) that the doctrine of *Contra Non Valentum* interrupted prescription.  Each argument will be addressed in turn.

### Burden of Proof[1]

Generally, under Louisiana law, the party raising the exception of prescription has the burden of proof to prove that the claim prescribed.  *See Alexander v. Fulco*, 895 So. 2d 668 (La. App. 2 Cir. 2005).  However, when from the face of the plaintiff's petition, it appears that the prescriptive period has run, the plaintiff bears the burden of showing why the claim has not prescribed.  *Id.*  The Fifth Circuit has held that when more than a year has "elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentem*.  *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

Plaintiff claims that from the face of its petition, prescription has not run, because it alleges that it did not receive notice of the tortious conduct until less than a year before the date of filing suit.  However, such an argument is

---

[1]This section analyzes the issue through the lens of article 3492, the liberative prescription period for delictual actions. However the same general analysis is used for contractual actions whose prescriptive period is determined by article 3499.  *See Ford Motor Credit v. Bower*, 589 So. 2d 571, 574 (La. App. 1 Cir. 1991).

contrary to the specific ruling in *Mobil Oil*.  *See also In re Moses*, 788 So. 2d 1173, 1177-78 (La. 2001)(holding that the party asserting a suspension or interruption of prescription bears the burden of proof); *Stett v. Greve*, 810 So. 2d 1203, 1208 (La. App. 2 Cir. 2002); *Strata v. Patin*, 545 So. 2d 1180, 1189 (La. App. 4 Cir. 1989).  It is clear that the law in Louisiana is that once the time period specified by the Civil Code has run, the burden shifts to the plaintiff to prove the claims have not prescribed.

Contra Non Valentem and Article 3493

Plaintiff is claiming a tort action alleging that the land it leased to Defendants was damaged, as well as a breach of contract action.  There are two provisions in Lousiana law which might act to extend the prescriptive period, which act in a similar manner.  The first is article 3493 of the Civil Code: "When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired or should have acquired, knowledge of the damage."  LA. CIV. CODE ANN. art. 3493.  The second is the doctrine of *contra non valentem*.  *Contra non valentem* may interrupt a prescriptive period under four scenarios:  (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonable knowable by the plaintiff, even though his ignorance is not induced by the defendant.  *Corsey v. State ex rel. Dept. of Corrections*, 375 So. 26 1319, 1321-22 (La. 1979).

This provision of the Civil Code and the doctrine of *contra non valentem* are very similar.  *See Id.* at 1322 n.9 (noting that *contra non valentem* and then article 3537 (now article 3499) were the "same rule").  *Contra non valentem* applies to contractual actions whose prescriptive period is governed by article 3499.  *See Landry v. Blaise, Inc.*, 829 So. 2d 661, 669 (La. App. 4 Cir. 2002).

The type of knowledge that a plaintiff must have of his injury is not necessarily actual knowledge, but constructive knowledge is sufficient.  *Cartwright v. Chrysler Corp.*, 232 So. 2d 285, 287 (La. 1970).  "Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of

prescription." *Id.* However, the Supreme Court noted that the language in *Cartwright* is incomplete. "Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury. When prescription begins to run depends on the reasonableness of a plaintiff's action or inaction." *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 424 (La. 1987).

   Therefore the ultimate question is what knowledge Brownell or its predecessors in interest possessed concerning contamination on its property and when did it possess such knowledge. OxyUSA claims that Brownell knew about any damage at an early period of time. Oxy notes that Brownell was a sophisticated lessor who understood the hazards of oil and gas production and even inspected the property to notify the lessee of concerns. Oxy points out that several times during the 1952 lease, Brownell requested that additional wells be explored, and noted problems with "lax operation." The contention was that the lax operation led to "substantial permanent damage to the lands owned by the lessors." Furthermore, in 1970, Brownell was

6

alerted to a spill on its property, which it investigated and reported to the proper authorities. The District Attorney was satisfied that the spill was being cleaned up, and the charges against the defendant were dropped. After the spill, Brownell felt confident enough to re-lease the land to defendant in 1971.

Brownell claims that it either did not know of the damage prior to a year before suit was filed or did not know of the extent of the damage prior to a year before suit was filed. Brownell notes that only now does it know that the disposal of produced salt water and crude oil went directly to unlined earthen pits on the property. And Brownell reports that it did not know that the Louisiana Department of Conservation (now the Department of Natural Resources) cited defendant for violating environmental regulations by discharging produced water and crude oil onto the land. However, it is unclear the extent to which these incidents are separate contaminations which would restart the prescription clock.

Brownell also cites to old correspondence indicating that while Brownell did notice some things, the plaintiff referred them to the defendant, who assured plaintiff that the property would be cleaned. However, in that case, it would be clear that Brownell had knowledge of the damage to its property as early as 1970. While the extent of the damage may not have been known,

that is immaterial for the question of prescription. *Dufriend v. Tumminello*, 590 So. 2d 1354, 1356 (La. App. 5 Cir. 1992). In *Cartwright* and *Jordan* the Supreme Court held that constructive knowledge is that knowledge which is enough to put a plaintiff on inquiry that something is wrong, and to require that he investigate. The type of information that Brownell had should have been enough to put it on notice that something was wrong.

Brownell might also claim, while it does not explicitly say so, that the defendant concealed the information necessary from suit from the plaintiff. The argument would be that since the defendant always assured the plaintiff that the spill would be cleaned up, it concealed the nature of the damage. However, the extent to which it is concealed is not proven or mentioned by Brownell who would have the burden of proof to that extent.

But even with all of these arguments, it is not appropriate to decide this issue on summary judgment. The ultimate question is what Brownell knew and when they knew it. Louisiana courts have indicated that plaintiff's level of knowledge in a case like this is a material fact. *Labbe Serv. Garage, Inc. v. LBM Distrib., Inc.*, 650 So. 2d 824, 830 (La. App. 3 Cir. 1995). It appears that the plaintiff's level of knowledge in this case is also still in dispute, and since it is a material fact, it is for the fact finder to determine the credibility of witnesses and

determine what the plaintiff knew and when they knew it.  *See Briggs v. Cleggett-Lucas*, No. 02-3055, 2003 WL 21999255 (E.D. La. Aug. 20, 2003)(Africk, J.)("The summary judgment procedure is insufficient to resolve the issue of prescription when the question cannot be resolved on the face of the pleadings or other undisputed facts, but instead requires a fact-based inquiry.") Indeed the Louisiana Supreme Court has held that "Summary judgment is seldom appropriate for determination based on subjective facts, such as motive, intent, good faith, knowledge and malice."  *Smith v. Our Lady of the Lake Hosp.*, 639 So. 2d 730, 751 (La. 1994).

Here there are still factual issues left to be decided and it is not clear what the plaintiff knew and when the plaintiff knew it.  Therefore the issue is not appropriate for summary judgment, and should be decided by the finder of fact. Accordingly,

The Court reaffirms its earlier ruling that Defendant's Motion for Summary Judgment on the Issue of Prescription (Rec. Doc. 65) is **DENIED.**

New Orleans, Louisiana this the 16th day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE